Furia et ux., Appellants, *v.* Finarelli et al.

Argued November 29, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Bradley Ward,* with him *Lemuel B. Schofield,* for appellants.

*Clarence E. Blackburn,* for individual defendants, appellees.

*Morris Wolf,* with him *Wolf, Block, Schorr & Solis-Cohen,* for Commonwealth Title Company of Philadelphia, defendant, appellee.

OPINION BY MR. JUSTICE LINN, January 7, 1946:

Plaintiffs agreed to purchase from the defendants, Finarelli and wife, by articles of agreement, premises 1627 South Broad Street in Philadelphia for $15,000. The agreement provided for "settlement to be made on or before December 27, 1944." Settlement was made December 8, at the office of the Commonwealth Title Company. Possession was not taken until the next day, and plaintiffs did not complete moving into the house until December 14th. They aver that, as possession was not given at the time of settlement, "it was orally agreed between the complainants, the defendants and the [title company] that the sum of $4944.37 would be held out by the Title Company pending taking of actual possession by the complainants and inspection of the property." After plaintiffs took possession they concluded the premises were not in such "perfect condition" as plaintiffs aver the vendors had "orally warranted" them to be. Plaintiffs have retained possession and, to obtain redress, filed this bill against the defendant vendors for specific performance and for damages. The written agreement of sale was made part of the bill. They prayed for a mandatory decree requiring the vendors "to repair the said premises at their expense so as to bring the said premises to the condition of repair and usability in conformity with their express written agreement and accompanying oral warranties." They also ask "(c) That the defendants, John Finarelli and Ada C. Finarelli, be directed to pay to the complainants the cost of making the necessary repairs to the premises and to supply the articles and equipment improperly removed from the premises by them." They joined as defendant the title company and prayed for a decree restraining the company "until final hearing from paying to the defendants

any part of the purchase money remaining in their [its?] hands."

The defendant vendors filed preliminary objections averring "that plaintiffs have a full, complete and adequate remedy at law." After hearing, the court made the following order: "Preliminary objections sustained, Bill dismissed." We are not advised of the basis of the decision because, unfortunately, the court failed to file an opinion pursuant to Rule 58 which provides: ". . . the court below shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling, order, judgment or decree therein referred to, or shall specify in writing the place in the record where such reasons may be found, and this opinion or writing shall be attached to the record and printed as part thereof." An opinion should have been filed pursuant to that rule.

The parties, by their written agreement, dealt not only with the title to the real estate, but with personal property contained in the house. The bill alleges breach of oral "warranties," concerning the condition of the plumbing, heating and electrical fixtures; breach of vendors' oral agreement "to repair and close up the hole in the south wall of the garage" which, it is averred, "had not been properly walled up"; removal of personal property and fixtures. For the redress of such wrongs the law furnishes a complete and adequate remedy. This is simply a suit for damages for breach of contract, such as frequently engages the attentions of courts. The case is not taken out of the general rule by the averments concerning items of personal property. It does not appear that they are irreplaceable or have any special or peculiar value not subject to appraisement by a jury.[1] That there is an adequate remedy at law for the wrongs alleged, does not seem to be seriously questioned by plaintiffs who appear to have sought to avoid the effect of the rule by joining the title company on the averment,

---

[1] See Bispham's Equity, 9th ed., sections 368 et seq.

quoted above, that part of the consideration "would be held out by the Title Company pending taking of actual possession by the complainants and inspection of the property."

We must assume that plaintiffs have averred the facts as strongly in their favor as the truth would permit. Possession was taken and inspection was completed between December 9th and December 14th, the day on which the bill was filed. But there is no averment that the title company agreed to anything except to withhold distribution of part of the consideration pending possession and inspection. When the bill was filed, nothing remained to be done by the vendors with respect either to possession or the privilege of inspection. The averment does not support the argument made in plaintiffs' brief that there was an "agreement to hold same pending delivery of possession and inspection and approval of the premises by the plaintiffs, . . ."; there is nothing concerning "approval of the premises by the plaintiffs." If they had intended to create a fund to be held, as the argument states, "until the damages to plaintiffs were determined and the plaintiffs reimbursed out of the fund," they could and should have stated the agreement; the court cannot supply it. The bill is destitute of averments which, if proved, would support a decree against the title company. Questions arising under the parol evidence rule and the argument made by defendant vendors on the Statute of Frauds may be dealt with when evidence is offered; they are not involved in the present review.

The learned court was right in sustaining the preliminary objection filed pursuant to Equity Rule 48 but wrong in ignoring Equity Rule 49 and dismissing the bill. The rule provides that "if the only objection sustained is that plaintiff has a full, complete and adequate remedy at law, the bill shall not be dismissed, but shall be certified to the law side of the court for further proceedings; . . ."

382

Decree reversed; bill reinstated; record remitted with instructions to certify the case as required by Equity Rule 49, costs to abide the result.