## Laraway et al. v. Romesberg et al.

*Leland W. Walker*, for plaintiffs.

*Frank R. Coder* and *Frank Coder, Jr.*, for defendants.

LANSBERRY, P. J., February 17, 1950.—Plaintiffs filed this bill in equity in which they averred that they were owners of a tract of timber situate in Southampton Township, Somerset County, Pa., containing approximately 97½ acres; that defendants unlawfully entered upon and there cut and removed the timber from approximately 29 acres of the tract; that defendants were trespassers; that despite the notices and protests given defendants by plaintiffs, the former continued in their trespasses and timber cutting and removal of the same; that defendants were without financial responsibility; that they were doing irreparable damage to the timber tract and that plaintiffs were without an adequate remedy at law.

Upon these averments, plaintiffs asked that defendants, after final hearing, be restrained from entering in and upon the land which is the subject of this controversy "for the purpose of cutting and removing any timber and growing trees thereon", and that defendants be required to file an account setting forth in detail the quantity of mine props, saw logs and saw timber cut and removed from the tract and finally for such other equitable relief as the court may decree.

To this bill of complaint defendants filed preliminary objections, duly and properly verified under Equity Rule 48. The matter then came on for argument on the preliminary objections, the objection being that plaintiffs have a full, complete and adequate remedy at law. While the preliminary objections as filed do not so state, it was indicated at the oral argument that the controversy is in reality one of title to the tract and the right of possession thereof.

It is significant in this case that although plaintiffs averred irreparable injury, they did not ask for an injunction preliminary to hearing and final thereafter.

" 'Equity is made the means, not of establishing the legal right, but of giving adequate protection in the enjoyment of it when thus established':" Wright Township Water Company v. Hines et al., 10 Luz. L. R. 274, and cases therein cited.

Viewing the averments of the bill most favorable to plaintiffs, we are not persuaded that they are without their legal remedies, nor is there likelihood of irreparable injury as would warrant the intervention of a court of equity by injunctive process. If there is indeed a controversy as to the title in plaintiffs and their right to possession of the tract, their remedy at law is adequate by an action in ejectment; if there is no controversy as to plaintiffs' title and right of possession, their remedy at law is adequate by an action in trespass for damages.

·After an examination of the authorities and upon careful consideration of every averment in the bill of complaint, we are constrained to sustain defendant's preliminary objections to the bill, but we may not dismiss the bill as prayed for by defendants. Rather, we are obliged under Equity Rule 49 of the Supreme Court to certify the complaint to the law side of the court for further proceedings: Furia et ux. v. Finarelli et al., 353 Pa. 378.

Accordingly, we now enter the following

### Decree

Now, February 17, 1950, after due consideration, it is ordered, adjudged and decreed that the preliminary objections to the bill be·and they are hereby sustained, without prejudice; defendants' prayer that the bill be dismissed is for the present refused, the bill of complaint is now certified to the law side of the çourt agreeable to Equity Rule 49, and plaintiffs are allowed 30 days from the date hereof to proceed as they shall elect.